Robert Todd HUNTER, Appellant

v.

U.S. BANK NATIONAL ASSOCIATION,
as Trustee for the Structured Asset
Investment Loan Trust 2005–8 and
Structured Asset Investment Loan
Trust 2005–8, Appellees.

No. 10–7052.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 25, 2011.

Robert Todd Hunter, Chambersburg, PA, pro se.

Michael Bertrand Roberts, Reed Smith LLP, Washington, DC, for Appellees.

BEFORE: SENTELLE, Chief Judge, and GARLAND and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's order issued March 22, 2010, be affirmed. The district court properly dismissed the appellant's complaint as barred by the *Rooker–Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The relevant state court had jurisdiction to determine the issues raised here by the appellant, including the standing of the appellees, their right to seek foreclosure, and any constitutional challenges to the proceedings. *See* Pa. Const. art. V, § 5; Pa. R. Civ. P. 1142. In addition, the district court did not abuse its discretion in granting the appellees additional time to respond to the complaint. *See* Fed.R.Civ.P. 6(b).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.